**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Warren Keith Mills,                              ) | C/A No.  2:10-1657-CMC |
|                                                          ) | |
|        Plaintiff,                          ) | |
| v.                                                     ) | **ORDER** |
|                                                          ) | |
| Michael J. Astrue,                              ) | |
| Commissioner of Social Security Administration,  ) | |
|                                                          ) | |
|        Defendant.                       ) | |
| _____) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for supplemental security income benefits ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g).  The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Bruce H. Hendricks, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C. and filed on July 22, 2011, affirming the decision of the Commissioner.  Plaintiff filed objections on August 12, 2011.  Dkt. No. 19.  For the reasons set forth below, the court adopts the conclusions of the Report for the reasons set forth herein and affirms the decision of the Commissioner.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter

1

to him with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

Plaintiff alleges that he became disabled in October 2003 due to right eye blindness, poor vision in his left eye, back pain, shortness of breath, anxiety, and depression. Tr. 22-26. His application for SSI benefits has been denied by the Commissioner, and the Report recommends affirming the Commissioner's decision. Plaintiff has filed objections which largely re-hash arguments raised previously in Plaintiff's brief, arguing that the ALJ erred by (1) failing to include visual restrictions in his residual functional capacity ("RFC") determination and in the hypothetical

presented to the vocational expert ("VE") and (2) relying on VE testimony that contradicted vocational information contained in the *Dictionary of Occupational Titles* ("DOT"). *See* Dkt. No. 19. For the reasons set forth below and in the Report, the court concludes that the ALJ's decision applied the appropriate legal standards and is supported by substantial evidence.

## I.     ABSENCE OF VISUAL RESTRICTIONS IN RFC AND HYPOTHETICAL TO VE

Plaintiff argues that the ALJ erred by failing to include visual restrictions in either his RFC determination or the hypothetical he presented to the VE. Plaintiff argues that both the RFC and the hypothetical should have included visual limitations such as "no depth perception" or "no work requiring binocular vision." *See* Dkt. No. 27 at 2.

**RFC Determination.** The court finds that the ALJ's RFC determination is supported by substantial evidence. The ALJ found that Plaintiff had the severe impairment of "right eye vision loss." Tr. 12. The court notes that neither the vision loss nor any accompanying visual restrictions are mentioned in the ALJ's RFC determination.[1] However, failure to include a severe impairment in a complainant's RFC determination is not itself error. The ALJ's conclusion that a claimant has severe impairments is made at Step Two of the sequential evaluation and is separate and distinct from the ALJ's assessment of a claimant's RFC, considered as part of Steps Four and Five. Additionally, in this case, the ALJ specifically noted that he considered Plaintiff's vision loss in determining Plaintiff's RFC limiting Plaintiff to sedentary work with additional physical restrictions. Tr. 14. The ALJ also noted that the record does not contain any information from any treating

---

[1] The ALJ found that Plaintiff retained the RFC "to perform sedentary work with no mental restrictions; no more than frequent fingering; occasional pushing/pulling; lifting ten pounds, occasionally and five pounds frequently; no stooping, balancing, crawling, kneeling or climbing; and sitting six hours and standing two hours in a normal workday with normal breaks." Tr. 13.

source or from any consulting physician identifying any specific functional limitations Plaintiff suffers as a result of his vision impairment. Under these circumstances, the court finds that the ALJ did not err in failing to include specific visual restrictions in Plaintiff's RFC.[2]

**Hypothetical Presented to VE.** The court finds that the question posed to the VE "fairly set out all of claimant's impairments." *See Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). After determining Plaintiff was unable to perform any past relevant work, the burden shifted to the Commissioner to show that other jobs existed in significant numbers in the national economy which Plaintiff could perform. *Pass v. Chater*, 65 F.3d 1200, 1201-03 (4th Cir. 1995). To meet this burden, the ALJ elicited testimony from a VE and presented the VE with a hypothetical describing an individual with Plaintiff's RFC with "one eye with vision correctable to 20/40[3]" and then clarified that the individual "*only* had one eye that was correctable to 20/40." *Id.* at 34-36 (emphasis added). Under this hypothetical, the VE identified four jobs that existed in significant numbers in the national economy that Plaintiff could perform.[4] *Id.*

Plaintiff argues that the hypothetical was ambiguous as it did not clarify that Plaintiff had no vision in one of his eyes. Dkt. No. 27 at 2. However, the court finds that the question was clear and, as the Report notes, Plaintiff's ambiguity claim is not credible as it is uncontested that the VE listened to all of the testimony at Plaintiff's hearing and was aware that Plaintiff had vision in only

---

[2] The court also notes that even if the ALJ erred in failing to directly include Plaintiff's vision loss in his RFC, it was likely harmless as the hypothetical posed to the VE took into consideration Plaintiff's vision loss. *See* Tr. 34-36.

[3] The record contains a note from optometrist Dr. Marty Appel which states that Plaintiff's best corrected vision for his right eye is 20/800 and the best corrected vision for his left eye is 20/40. Tr. 145.

[4] Those jobs included sorter, assembler, inspector, and surveillance monitor. Tr. 34.

4

one eye. Dkt. No. 23 at 6. Plaintiff also argues that the hypothetical should have included more specific functional limitations related to Plaintiff's vision loss. However, as noted above there is no medical evidence in the record to support any more specific functional limitations related to Plaintiff's visual impairment.[5] Therefore, the court finds that the hypothetical fairly set out Plaintiff's limitations, and the ALJ did not err in relying on it at Step Five of the sequential evaluation.

## II.    EXISTENCE OF A CONTRADICTION BETWEEN VE TESTIMONY AND DOT

Plaintiff argues that the ALJ erred in relying on the VE's testimony because it contradicted vocational information contained in the DOT, and this contradiction was left erroneously unresolved. Dkt. No. 27 at 5-6. Specifically he argues that the four jobs identified by the VE required depth perception or near acuity of vision[6] which he claims is precluded by his vision impairment. *Id.*

---

[5] In reference to the alleged errors in the RFC determination and VE hypothetical, Plaintiff argues that "there is no way to comport the ALJ's acceptance of right eye blindness and 20/800 vision in the right eye with no visual impairments at all." Dkt. No. 27 at 2. However, Plaintiff has the burden of providing evidence in support of his disability claim. *See* C.F.R. § 416.912(c) (describing claimant's responsibility to obtain and provide evidence). In this case, where there is no medical evidence in the record to support additional visual impairments beyond Plaintiff's vision loss, neither the ALJ nor the court may presume such impairments.

Additionally, Plaintiff's argument that he must have additional impairments is undercut by evidence in the record that despite lacking vision in his right eye his entire life, (1) Plaintiff was able to perform past relevant work as a landscaper, mechanic, repairman, and painter and (2) in 2007 he continued to drive, read, write, and watch television without glasses. Tr. 32 and 14. The record contains no medical evidence that Plaintiff's vision has worsened since 2007. On the present record and in the absence of medical evidence of further functional limitations related to Plaintiff's vision impairment, the court cannot say that the ALJ's finding that Plaintiff had no other visual limitations is not supported by substantial evidence.

[6] The DOT defines "near acuity" as "clarity of vision at 20 inches or less." Dkt. No. 18-1 at 2 (DOT's Rating Structures of Physical Demands and Environmental Conditions, 287).

5

> Social Security Ruling 00-4p requires, in pertinent part, that:
>
> Occupational evidence provided by a VE . . . generally should be consistent with the occupational information supplied by the DOT.  When there is an apparent unresolved conflict between VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled.  At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

SSR 00-4p, 2000 WL 1898704 (2000).  Accordingly, the ALJ must elicit a reasonable explanation for any "apparent unresolved conflict" between the VE evidence and the DOT before relying on the VE to support a determination about whether the claimant can perform such work. *See id.*

As stated above, the ALJ presented the VE with the only visual limitation supported by the record, that Plaintiff has 20/40 vision in only one eye, and the VE identified four jobs Plaintiff could perform with this and other physical limitations contained in the RFC.  As the Report states, there is no objective evidence in the record to support Plaintiff's claim that he has any functional limitations related to depth perception or near acuity of vision.  *See* Dkt. No. 23 at 8.  In the absence of this evidence, the court rejects Plaintiff's argument that there is an "apparent unresolved conflict" between the VE's testimony and the demands of the jobs identified as described in the DOT.  Therefore, the court finds that the ALJ did not err in relying on the VE's testimony as there was no "apparent unresolved conflict."

## CONCLUSION

For the reasons set forth above, the court adopts the conclusions of the Report and Recommendation of the Magistrate Judge for the reasoning set forth herein and affirms the decision

of the Commissioner.

    **IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie
                                              CAMERON MCGOWAN CURRIE
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 26, 2011